IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD A. WILFORD, | ) | |
| Petitioner, | ) | Civil Action No. 16-273 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| MONICA RECKTENWALD, | ) | |
| Respondent. | ) | |

## **OPINION**[1]

Presently before the Court is a petition for a writ of habeas corpus filed by federal prisoner Richard A. Wilford (the "Petitioner"), pursuant to 28 U.S.C. § 2241. The petition is dismissed because the Court lacks subject matter jurisdiction.

### I.

**A.** **Relevant Background**

A jury convicted the Petitioner in the United States District Court for the District of Maryland (the "trial court") of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. The trial court sentenced him to a term of imprisonment of 340 months. The Federal Bureau of Prisons (the "BOP") designated him to FCI McKean, a correctional institution that is located within the territorial boundaries of this Court.

On February 26, 2016, the trial court issued a Memorandum and Order in which it denied the Petitioner's post-trial motions. United States v. Wilford, No. 1:11-cr-258, 2016 WL 759174, at *1 (D. Md. Feb. 26, 2016). He filed an appeal with the United States Court of Appeals for the Fourth Circuit. While that appeal was pending, he filed with this Court the instant petition for a writ of habeas

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

corpus under 28 U.S.C. § 2241. [ECF No. 8]. He alleges that his conviction is defective because he was never formally arraigned. Therefore, he argues, the trial court did not have jurisdiction and, as a result, its Judgment and Commitment Order is defective and the BOP is without legal authority to confine him.

On March 13, 2017, the Respondent filed an answer [ECF No. 18], and on or around April 13, 2017, the Petitioner filed his reply. [ECF No. 20]. The following month, on May 9, 2017, the Court of Appeals for the Fourth Circuit issued an Opinion in which it affirmed the trial court's judgment of conviction and its order denying the Petitioner's post-trial motions. United States v. Wilford, — F.App'x —, 2017 WL 1906747 (4th Cir. May 9, 2017). In relevant part, it held:

> [The Petitioner] first argues that this court lacks jurisdiction over him because the district court never arraigned him. Rule 10 of the Federal Rules of Criminal Procedure requires that a defendant be advised in open court of "the substance of the charge" before being called upon to plead. However, technical noncompliance with the procedural requirements of the rule does not warrant a reversal of a conviction if not raised before trial. See United States v. Reynolds, 781 F.2d 135, 136 n.2 (8th Cir. 1986). "A failure to arraign only warrants a reversal if it causes prejudice or impairs a substantial right." United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998).
>
> Although [the Petitioner] was never formally arraigned, he was properly advised of the charges at his initial appearance. Furthermore, [the Petitioner's] attorney received a copy of the superseding indictment and filed numerous pretrial motions. [The Petitioner] never raised the lack of an arraignment in the district court. Consequently, we conclude that [the Petitioner] has failed to establish either prejudice or the impairment of a substantial right. Moreover, [the Petitioner] waived any argument pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 (2012), because he did not raise this issue prior to trial in the district court. "[T]he plain language of Section 3162(a)(2) is unequivocal in requiring that a defendant move for dismissal of an indictment before the beginning of a new trial or suffer a statutorily imposed waiver of rights under the Act." United States v. Mosteller, 741 F.3d 503, 509 (4th Cir. 2014).

Id. at * 1. On June 20, 2017, that court denied the Petitioner's request for rehearing and rehearing en banc.

2

**B.      Discussion**

The Respondent contends that the petition must be dismissed for lack of jurisdiction because the Petitioner's claims cannot be pursued in a § 2241 petition. She is correct. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]"Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates."[2] Id. "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010). That type of action is brought in the district court that tried and sentenced the prisoner by way of a motion filed under 28 U.S.C. § 2255, which permits a federal prisoner to challenge his conviction or sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" In contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee, 627 F.3d at 935, such as, for example, the way in which the BOP is computing his sentence. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). A habeas corpus action pursuant to § 2241 must be brought in the custodial court (the federal district court in the district the prisoner is incarcerated).

Section 2255 expressly prohibits a federal court from entertaining a § 2241 habeas corpus petition filed by a federal prisoner who is raising the types of claims that must be raised in a § 2255

---

[2]      Although a motion under section 2255 is not technically a petition for a writ of habeas corpus, it is habeas corpus' practical substitute for federal prisoners. See, e.g., Davis v. United States, 417 U.S. 333, 343 (1974); Kaufman v. United States, 394 U.S. 217, 221-22 (1969).

3

motion unless it "appears that the remedy by [§ 2255 motion] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This provision of § 2255 is commonly referred to as the "savings clause."

This case does not fit within § 2255's savings clause[3] and this Court must dismiss the petition for want of subject matter jurisdiction because the Petitioner cannot challenge the validity of his judgment of conviction (which was just affirmed by the Court of Appeals of the Fourth Circuit) in a § 2241 petition.

## II.

Based upon all of the foregoing, the petition is dismissed because the Court lacks subject matter jurisdiction.[4]

An appropriate Order is attached.

Dated: June 29, 2017

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

---

[3] It is only the extraordinarily rare case that fits within § 2255's savings clause and this case is not one of them. See In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

[4] Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S.Ct. 641 (2012); 28 U.S.C. § 2253(c)(1)(B).

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD A. WILFORD,   )<br>    Petitioner,   )<br>   )<br>v.   )<br>   )<br>MONICA RECKTENWALD,   )<br>    Respondent.   ) | Civil Action No. 16-273 Erie<br><br>Magistrate Judge Susan Paradise Baxter |

### **ORDER**

AND NOW, this 29th day of June, 2017, IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DISMISSED. The Clerk of Court shall mark this case CLOSED.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc:    Notice by ECF to counsel of record and by U.S. mail the Petitioner at his address of record