IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD A. WILFORD, | ) | |
| Petitioner, | ) | Civil Action No. 16-273 Erie |
| | ) | |
| v. | ) | Judge Arthur J. Schwab |
| | ) | Magistrate Judge Susan Paradise Baxter |
| MONICA RECKTENWALD, | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

Before the Court is the amended petition for a writ of habeas corpus that federal prisoner Richard A. Wilford filed pursuant to 28 U.S.C. § 2241. (ECF No. 30-1). It is respectfully recommended that the petition be dismissed for lack of jurisdiction.

**II.   REPORT**

   **A.   Background**

A jury convicted Wilford in the United States District Court for the District of Maryland of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. That court sentenced him to a term of imprisonment of 340 months. On May 9, 2017, the United States Court of Appeals for the Fourth Circuit affirmed Wilford's judgment of conviction. United States v. Wilford, 689 F.App'x 727 (4th Cir. 2017). Wilford filed a *pro se* petition for a writ of certiorari with the Supreme Court of the United States in which he presented the following four questions:

> I.  Whether the warrantless seizure and search of Real-Time cell-phone location information disclosing the location and movements of the cell phone and its possessor continuously for many months is permitted by the Fourth Amendment.

1

  II.  Whether a Franks Hearing and the exclusion of Real-Time cell-phone pinging evidence was required based on the actions of federal investigating agents in obtaining court orders.

  III.  Whether the good-faith exception to the exclusionary rule appl[ies] to the Government's nonconsensual warrantless GPS attachment to private vehicles and use to monitor those vehicles in public and private areas over a prolonged period of time.

  IV.  Whether Procedural Due-Process is violated thereby rendering the trial, conviction and judgment invalid when the Government arrest[s] an individual based on an indictment for an infamous crime and hold the accused in prison for about 2 years and 3 months without providing an arraignment, bond hearing, nor an opportunity to plead to the charged indictment prior to jury trial.

(Petition for Writ of Cert. at i, Wilford v. United States, S.Ct. Docket No. 17-6892 (Nov. 15, 2017) (available on PACER)). The Supreme Court has granted the government several extensions to file a response to Wilford's petition for a writ of certiorari, and its response is currently due by March 30, 2018. (Docket entry, Wilford v. United States, S.Ct. Docket No. 17-6892 (Feb. 13, 2018) (available on PACER)).

  In September 2017, Wilford, who is incarcerated within the territorial boundaries of the Western District of Pennsylvania at FCI McKean, filed with this Court an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 30-1) and he reiterates his allegations in his reply (ECF No. 36).[1] He contends that the District Court for the District of Maryland's judgment and commitment order is invalid because it "is fatally deficient" and, therefore, the Federal Bureau of Prisons (the "BOP") lacks the authority to detain him. (ECF No. 36, ¶ 13). Specifically, he "maintains that the J&C utilized by respondent is a forged document for all intents and purposes as it recites elements demanded by

---

[1] Wilford filed his original petition in December 2016. (ECF No. 4). This case was listed as being one in which the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings, including entry of a final judgment, and I issued a memorandum opinion and order that dismissed the original petition. (ECF Nos. 22, 23). Wilford then contended that he had not consented to have a United States Magistrate Judge enter final judgment in this case and, therefore, I vacated the memorandum opinion and order and the judgment. (ECF No. 29). I also granted Wilford's motion for leave to file an amended § 2241 petition, which he filed on September 15, 2017. (ECF No. 30-1).

Fed.R.Crim.P. 32(k)(1) even though they never occurred; [t]he record clearly shows that the constructive phases which the J&C portrays never existed and this document is clearly forgery, hence, null and void having no legal effect[.]" (Id., ¶ 16).

The Respondent has filed an answer to the amended petition (ECF No. 34), and Wilford filed a reply (ECF No. 36).

### B. Discussion

The Court must dismiss Wilford's petition for lack of jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates." Id. "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010). That type of action is brought in the district court that tried and sentenced the prisoner by way of a motion filed under 28 U.S.C. § 2255. See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 177-78 (3d Cir. 2017) ("a federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under § 2255.") In contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." McGee, 627 F.3d at 935. A habeas corpus action pursuant to § 2241 must be brought in the custodial court (the federal district court in the district the prisoner is incarcerated). Bruce, 868 F.3d at 178.

Wilford is not challenging the execution of his sentence. In Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012), the United States Court of Appeals for the Third Circuit analyzed what it means for a

3

federal prisoner to challenge the execution of his sentence, and the allegations that Wilford makes in his amended § 2241 petition do not qualify. It explained:

> *In order to challenge the execution of his sentence under § 2241, Cardona would need to allege the BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment. Cardona has failed to do so here. He has not alleged that BOP's conduct was inconsistent with any express command or recommendation in his sentencing judgment.* Indeed, at oral argument, Cardona conceded that there was nothing in the judgment forbidding, or even concerning, his placement in the [Special Management Unit]. *Cardona's petition simply does not concern how BOP is "carrying out" or "putting into effect" his sentence, as directed in his sentencing judgment. Consequently, Cardona has not challenged the execution of his sentence, such that the District Court would have jurisdiction over his petition under § 2241.*

Cardona, 681 F.3d at 537 (emphasis added).

In this case, Wilford's allegations attack the validity of the judgment issued by District Court for the District of Maryland, not how the BOP is "carrying out" or "putting into effect" that judgment. Therefore, this Court lacks jurisdiction over the amended § 2241 petition and it must be dismissed for that reason.

Finally, there is an unusual circumstance when the court of confinement has jurisdiction to consider the validity of a federal prisoner's judgment of conviction in a § 2241 petition. It is when it "appears that the remedy by [§ 2255 motion] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This provision of § 2255 is commonly referred to as the "savings clause." See, e.g., Bruce, 686 F.3d at 174, 178-79. In its landmark case In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), the Third Circuit Court of Appeals recognized the one circumstance under which it has found § 2255's remedy to be inadequate of ineffective since AEDPA amended § 2255 in 1996 the include a one-year statute of limitations and the prohibition against the filing of second or successive motions. In Bruce v. Warden Lewisburg USP, 868 F.3d 170 (3d Cir. 2017), a recent decision by the Third Circuit Court of Appeals that applied Dorsainvil, the court set forth the two conditions a federal

4

prisoner must satisfy to fall within § 2255's savings clause in order to utilize § 2241 to collaterally attack his judgment of conviction in the district of his confinement:

> First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision"–in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. [United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013] (quoting Dorsainvil, 119 F.3d at 252). And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." Id. Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251.

Bruce, 868 F.3 at 180.

The allegations that Wilford makes do not satisfy those requirements. In fact, there is no basis at this time to consider whether this case is an unusual one that falls within § 2255's savings clause. That is because Wilford's judgment of conviction has not become final, as he has a petition for a writ of certiorari pending before the Supreme Court. If he does not get relief in his direct appeal, he has one year from the "date on which the judgment of conviction becomes final" to file his first § 2255 motion. 28 U.S.C. § 2255(f)(1).[2]

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Court dismiss Wilford's amended petition for a writ of habeas corpus (ECF No. 30-1) for lack of jurisidiction.[3]

---

[2] The docket for Wilford's criminal case in the District Court for the District of Maryland shows that in August 2017 he filed a motion with it that he entitled "Motion to Dismiss for Lack of Subject-Matter Jurisidiction Pursuant to the Court's Inherent Supervisory Power and Not to Be Construed as 28 U.S.C. § 2255." (ECF No. 507 in United States v. Wilford, No. 1:11-cr-258 (D. Md. Aug. 31, 2017) (available on PACER)). That motion is pending before that court.

[3] 28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S.Ct. 641 (2012). As such, the Court should make no certificate of appealability determination in this matter.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen (14) days from the date of this Order to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


Dated:  March 14, 2018 /s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge